UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHELLE TAYLOR,**

    **Plaintiff,**

v.                                          Case No. 8:05-cv-1947-T-TBM

**JO ANNE B. BARNHART,**
**Commissioner of the United States**
**Social Security Administration,**

    **Defendant.**
                                  /

**O R D E R**

The Plaintiff seeks judicial review of the denial of her claim for Social Security disability benefits and Supplemental Security Income payments. For the reasons set out herein, the decision is reversed and remanded for further consideration.

I.

Plaintiff was thirty-eight years of age at the time of her administrative hearing. Plaintiff has twelve grades of schooling and a GED. Her past relevant work was primarily as a restaurant server although she did sales and data entry work as well. Plaintiff applied for disability benefits and Supplemental Security Income (hereinafter "SSI") payments in June 2002, alleging disability as of April 17, 2002, by reason of hepatitis C, chronic back and hip pain, migraine headaches, depression, and TMJ injury. The Plaintiff's applications were denied originally and on reconsideration.

The Plaintiff, at her request, then received a *de novo* hearing before an Administrative Law Judge (hereinafter "ALJ"). The Plaintiff was represented at the hearing by counsel and testified in her own behalf. Additionally, a vocational expert was called by the ALJ. In essence, Plaintiff testified that she stopped work in April 2002 due to severe pain in her lower back and hip and because of side effects related to her use of Interferon to treat hepatitis C. By her description, three months into the use of this drug, she lost control of her bowels. She remained on Interferon for thirteen months. During this period of time her weight dropped from 130 pounds to 98 pounds. She described other side effects as an aching body, psychotic thoughts, upset stomach, and loss of hair. In describing her various impairments, Plaintiff testified that her chronic lower back and hip pain are now her most severe conditions. According to Plaintiff, the pain is constant and severe. Occasionally, the pain radiates through her legs into her feet. Additionally, she was involved in an automobile accident in 2002. Thereafter, she suffered severe pain in her upper back and neck as well. While medications did very little to help her lower back and hip condition, injections helped her with the upper back pain. Regarding her neck and upper back, she testified that she gets a tingling sensation down her right arm into her fingers.

Plaintiff testified that she also suffers severe depression as well as anxiety attacks. Her medication helps somewhat with both conditions. Additionally, she suffers from migraine headaches. By her testimony, she has had such headaches since she was fourteen years old. Doctors have yet to find a medication that helps.

Plaintiff is able to drive, although she prefers not to, and she relies on friends to help her drive and perform household chores. By her testimony, she can sit for only twenty to thirty minutes before she becomes uncomfortable and she can stand for only three to five minutes. Her pain affects her concentration as well. Plaintiff testified that she can lift a can of soup, but cannot lift a basket of laundry, and she is unable to bend or stoop and she does not attempt to reach. Plaintiff watches some television and visits with friends who come to see her. She testified that she must lie down a couple of times a day, from thirty minutes to two and a half hours. Because of her insurance status, she has difficulty making doctor's appointments. As one example, she claims she tried to get an appointment with six psychiatrists before she was finally able to see one. See Plaintiff's testimony (R. 372-392).

Ralph Crystal, Ph.D., a vocational expert (hereinafter "VE"), testified that if Plaintiff's testimony was fully credited, she could no longer work at her past work or at any other job. On a hypothetical question assuming a person of Plaintiff's age, education, and work experience, capable of a limited range of light work including lifting twenty pounds occasionally and ten pound frequently, but limited to standing only four hours in an eight-hour work day, with further limitations for no climbing ladders, ropes, or scaffolds, and only occasionally climbing ramps and stairs, balancing, stooping, standing, kneeling, and crouching, with the need to avoid hazardous machinery and equipment, the VE opined that such person could perform telemarketing and data entry type work. Assuming further psychological impairments resulting in marked limitations in all occupational adjustments, the VE opined that the Plaintiff's past work and all other jobs would be precluded. If Dr. Spuza's

assessment was fully credited, the VE opined that Plaintiff could perform no jobs in the economy. See VE's testimony (R. 393-97).

Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are addressed adequately by the parties' memoranda and are not set out herein in detail.

By his decision of January 25, 2005, the ALJ determined that while Plaintiff has severe impairments related to small paracentral disc herniation at L4-L5, chronic lower back pain, and hepatitis C, she nonetheless had the residual functional capacity to perform a significant range of light exertional work. Upon this finding and the testimony of the VE, the ALJ concluded that Plaintiff could perform her past relevant work as a telemarketer and data entry clerk as usually performed in the national economy. Upon this conclusion, the Plaintiff was determined to be not disabled. (R. 24-31). The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and Supplemental Security Income payments, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are

demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. See id. at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that she has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994) (citing Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that

the claimant is not disabled.  Miles, 84 F.3d at 1400; Bloodsworth v. Heckler, 703 F.2d 1233 (11th Cir. 1983).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied.  McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983).

### III.

The Plaintiff raises two broad claims on this appeal.  As stated by the Plaintiff, they are as follows:

(1) Despite substantial evidence, the ALJ failed to find a "severe" mental impairment; and

(2) The ALJ erred in ignoring the findings of Taylor's treating physician as to her functional limitations.

By her first claim, Plaintiff urges that she suffers from severe depression and anxiety as evidenced by the medical record and the ALJ erred in concluding otherwise.  In support, Plaintiff cites to the records from treating and examining physicians including Dr. Karl Jones, Dr. Dwarka Nath, and Dr. Felcia Spuza, each of whom diagnosed Plaintiff as suffering from either depression or anxiety or both.  Additionally, Plaintiff notes that records related to her medications support that she was prescribed Lexapro, Zanax, and Wellbutrin for these disorders.  In response, the Commissioner argues that a review of the entirety of the medical

record supports the ALJ's conclusion that Plaintiff's mental status was stable and her impairments were inconsistent with significant work-related limitations.

At step two of the five-step evaluation process prescribed by the regulations, the ALJ is called upon to determine whether a claimant's impairments are severe. 20 C.F.R. §§ 404.1520(c), 416.920(c). Under the regulation, if the claimant does not have an impairment or combination of impairments which significantly limits her ability to do basic work activities,[1] then she is not disabled. In application, this inquiry is a "threshold" inquiry. It allows only claims based on the slightest abnormality to be rejected. Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. Id. A "[c]laimant need show only that her impairment is not so slight and its effect not so minimal." McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986).

Despite this slight standard, the ALJ here determined at step two of the sequential evaluation that, "[a]lthough the claimant has been assessed with psychological factors affecting chronic pain and major depression, the evidence indicates such would be non-

---

[1]The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." Bowen v. Yuckert, 482 U.S. 137, 142 (1987) (citing 20 C.F.R. §§ 404.1521(b), 416.921(b)). Basic work activities include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling, as well as capacities for seeing, hearing, and speaking; understanding, remembering and carrying out simple instructions; responding appropriately to supervisors and fellow employees, dealing with changes in the work setting; and the use of judgment. Id.

7

severe."[2] (R. 27). In support of this determination, the ALJ relied primarily on the report of Dr. David Grippe, M.D., a non-examining state agency psychiatrist, dated September 24, 2002, and the report of Dr. James Mendelson, a non-examining state agency psychologist, dated February 12, 2003, both of whom concluded that Plaintiff's mental impairments were non-severe. See id. He acknowledged the records from Dr. Karl Jones, a psychiatrist, covering the period September 26, 2002, through December 6, 2002, and stated only that, "[t]here appears to be very little substance to support" the doctor's assessment. The ALJ also acknowledge the 2004 treatment records from Patricia Thomas, a nurse practitioner who worked with psychiatrist Dr. Hector Corzo. See id. at 27-28. While Dr. Corzo assessed 17 marked mental limitations and opined that Plaintiff was unable to work, the ALJ determined that the assessment was unsubstantiated by the records of his nurse practitioner[3] and the record did not contain any of Dr. Corzo's own treatment records.[4] See id. No further discussion of Plaintiff's alleged mental impairments is set forth in the ALJ's decision.[5]

---

[2]No mention was made of Plaintiff's claimed anxiety.

[3]The ALJ specifically noted that Ms. Thomas assessed a GAF of 76 when evaluating Plaintiff on January 14, 2004. (R. 28). GAF is a standard measurement of an individual's overall functioning level "with respect only to psychological, social, and occupational functioning." AMERICAN PSYCHIATRIC ASS'N DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS at 32 (4th ed. 1994) (DSM-IV). A GAF of 71-80 indicates that, "if symptoms are present they are transient and expectable reactions to psychosocial stresses; no more than slight impairment in social, occupational, or school functioning."

[4]On this appeal, Plaintiff does not specifically challenge the ALJ's rejection of the assessments and/or limitations identified by Dr. Jones and Dr. Corzo.

[5]When reviewing the medical evidence, the ALJ did recite the results of a consultative psychological evaluation performed by clinical psychologist Dr. Florence J. Frain on September 16, 2002, at the request of the Social Security Administration. Dr. Frain diagnosed

8

Upon thorough review of the record, I conclude that the ALJ's severity finding with regards to Plaintiff's claimed anxiety and depression is not supported by substantial evidence. The very evidence on which the ALJ relied supports this conclusion. As indicated above, the ALJ relied on Dr. Grippe's finding that Plaintiff's mental impairments were not severe. See (R. 27). Although the state agency psychiatrist indicated on a check-list type form that Plaintiff's claimed mental impairments were not severe, his written notes reveal that Plaintiff was "not found to present with severe impairments in her functioning that would limit her ability to perform simple, routine, repetitive tasks." (R. 156). Thus, despite his summary finding of no severe mental impairment(s), Dr. Grippe opined that Plaintiff was limited to performing work requiring only simple, routine, repetitive tasks. His opinion supports Plaintiff's urging that her mental impairments were not so slight and their effects not so minimal that they would clearly not be expected to interfere with her ability to work. Additionally, it is worth noting that both non-examining doctors rendered their opinions in 2002 and early 2003, and thus did not have the benefit of reviewing the entirety of the medical record. Further, as Plaintiff points out, the ALJ ignored and/or failed to discuss other pertinent findings in the record which demonstrate that Plaintiff's anxiety and depression meet the minimal threshold required at step two.[6] During the relevant three-plus year period and

---

only "psychological factors affecting chronic pain." (R. 26, 128). By her evaluation, which appears to consist only of an interview, Plaintiff's mental status at that time was essentially normal. See (R. 127-28).

[6]To do so is improper. See McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986) (providing that it is improper for an ALJ to focus on one aspect of the evidence while disregarding or ignoring other contrary evidence). Here, it appears that the ALJ selected the evidence that supported his conclusions and disregarded or summarily rejected the rest. Further, I see absolutely no relevant or compelling reason why the ALJ included in his

9

despite having limited psychological treatment resources due to county provided insurance, Plaintiff complained repeatedly to treating and examining doctors of the effects of anxiety and depression. See, e.g., (R. 121, 125, 171, 195, 198, 206, 209, 214-16, 263, 271-72, 289, 328-29, 333, 336-37, 341).  And, the treating doctors repeatedly diagnosed Plaintiff with anxiety and depression, see, e.g., (R. 170-71, 174, 188-216, 263, 265-67, 271-72, 283, 289), and prescribed various antidepressants and anti-anxiety medications, see, e.g., (R. 115, 118, 188-220, 266-67, 272, 279, 327-28, 331, 333-335, 339, 346).  While I recognize that diagnoses and the fact that medication is prescribed for an impairment do not automatically render an impairment severe, see McCruter, 791 F.2d at 1547, a fair reading of the record in its entirety supports Plaintiff's assertion that she suffered mental impairments likely to have interfered with her ability to work, thus taking Plaintiff across the minimal threshold established at step two of the sequential analysis.  Accordingly, Plaintiff's case is remanded.  The ALJ is directed, at the very least, to factor into further consideration the limitations identified by Dr. Grippe at the other steps of the sequential analysis and into any hypothetical that may be presented to a vocational expert.[7]

Because remand is warranted on the above claim, I decline to address Plaintiff's second contention of error.  See Jackson v. Bowen, 801 F.2d 1291, 1294 n. 2 (11th Cir. 1986) (stating that where remand is required, it may be unnecessary to review other issues raised).

---

decision comments that Plaintiff's estranged husband was a "crack addict" recently released from jail and that Plaintiff had served time in jail more than fourteen years ago.

[7]This result is indicated because neither the ALJ nor the VE addressed whether Plaintiff would be able to perform her past work as a telemarketer and data entry clerk as generally performed in the national economy if she was limited to simple, routine, repetitive work.

However, in order to avoid future allegations of error, on remand, the ALJ is urged to consider Plaintiff's overall condition during the time at which she received treatment with Interferon, as well as to articulate specific reasons for discounting each of the physical limitations identified by Dr. Spuza should he again decide to discount such.[8]

IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is not supported by substantial evidence or is not in accordance with the correct legal standards.  The decision is reversed and remanded for further proceedings before the Commissioner consistent with this Order.  Accordingly, the Clerk is directed to enter Judgment in favor of the Plaintiff and to close the file, and the matter of fees and costs shall be addressed upon further pleadings.

**Done and Ordered** at Tampa, Florida, this 26th day of January 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record

---

[8] By her second claim, Plaintiff urges that the ALJ erred in discounting Dr. Spuza's functional capacity assessment by which she was capable of performing less than sedentary level work.  By this argument, Dr. Spuza's conclusions were supported by the objective medical record as well as treatment notes from a variety of sources.  Plaintiff urges that under the applicable standard, the conclusions of Dr. Spuza must be accepted as true, and if they are, the Plaintiff must be found to be disabled.  Here, Plaintiff cites to the testimony of the VE who opined that, accepting Dr. Spuza's assessment as accurate, Plaintiff could perform neither her past work nor any other jobs.